

**U.S. Department of Justice**

Criminal Division

*1400 New York Avenue, NW*
*Washington, D.C.  20005*

July 1, 2015

The Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Any and All Assets Held in Account Numbers 102162418400, 102162418260, and 102162419780 at Bank of New York Mellon SA/NV, et al.*, 15 Civ. 05063

Dear Judge Carter:

      On June 29, 2015, the Government filed a verified complaint (the "Complaint") against the above-captioned bank and investment accounts as defendants *in rem*.  The Government respectfully writes to request that the Court issue Arrest Warrants *In Rem* for the bank and investment accounts listed paragraph five of the Complaint, the assets of which have been named as defendants *in rem* in the Complaint.

      As alleged in the Complaint, the United States issued an action *in rem* to forfeit approximately $300 million in assets, and property traceable thereto, involved in an international conspiracy to launder corrupt payments made to a government official and relative of the President of Uzbekistan, identified in the Complaint as Government Official A.  The United States seeks forfeiture of the defendants *in rem*, located in Belgium, Ireland, and Luxembourg, pursuant to 18 U.S.C. § 981(a)(1)(C) because they constitute or are derived from the proceeds of violations of the Foreign Corrupt Practices Act of 1977, 15 U.S.C. §§ 78dd-1 *et seq*., and pursuant to 18 U.S.C. § 981(a)(1)(A), because they constitute property involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957, or are property traceable to such assets.

      As alleged in the Complaint, from 2004 until in or around 2011, two international telecommunications companies paid more than $500 million to shell companies beneficially owned by Government Official A.  The telecom companies made these payments to induce Government Official A to use his or her influence, including Government Official A's influence over other Uzbek government officials, to assist the telecom companies in entering and operating in the Uzbek telecommunications market.

As alleged in the Complaint, the telecom companies paid millions of dollars in corrupt payments to Government Official A using three methods.  First, shell companies beneficially owned by Government Official A obtained or retained equity interests in the telecom companies' Uzbek subsidiaries, and later sold these interest to the telecom companies for a profit.  Second, a shell company beneficially owned by Government Official A entered into a series of contracts with the telecom companies or their subsidiaries, accepting millions of dollars in payments.  In exchange for these payments, Government Official A's shell company arranged to have its subsidiary waive its rights to use certain valuable assets and conditioned full payment on the reassignment of these assets to the telecom companies' Uzbek subsidiaries through a non-competitive, non-transparent process.  Third, a shell company beneficially owned by Government Official A entered into multi-million dollar consultancy contracts with one of the telecom companies, purportedly to provide legitimate consulting services but, in reality, such agreements were designed as a way to pay large sums of money to Government Official A to corruptly influence him or her to use his or her influence with the Uzbek government to assist the telecom companies' operations in Uzbekistan.

The Government has not taken custody of the funds in the accounts listed in paragraph five of the Complaint, and while they are restrained pursuant to mutual legal assistance requests, they are not presently subject to a judicial restraining order.  Rule G(3)(b) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims provides that an arrest warrant *in rem* for property not yet in the Government's possession can be issued by a Court only upon a finding of probable cause.  Here, probable cause is set forth in the Complaint.  The Government respectfully requests that Your Honor sign the enclosed Arrest Warrants *In Rem* for the funds in the bank and investment accounts listed in paragraph five of the Complaint, which have been restrained but are not yet in the Government's possession.  Enclosed are three separate arrest warrants, one for each country in which the subject accounts are located.

Respectfully submitted,

M. KENDALL DAY, CHIEF
ASSET FORFEITURE AND MONEY
 LAUNDERING SECTION


By:     /s/ Marie Dalton_____
MARIE M. DALTON
Trial Attorney
Asset Forfeiture and Money
   Laundering Section
United States Department of Justice
1400 New York Avenue, NW
Bond Building, Suite 10100
Washington, DC  20005
Telephone:    (202) 598-2982
Email:         Marie.Dalton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Enclosures:
Proposed Arrest Warrants *In Rem*
Verified Complaint