UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA, :

Plaintiff, :

- v. - :

ANY AND ALL ASSETS HELD IN ACCOUNT NUMBERS 102162418400, 102162418260, AND 102162419780 AT BANK OF NEW YORK MELLON SA/NV, BRUSSELS, BELGIUM, ON BEHALF OF FIRST GLOBAL INVESTMENTS SPC LIMITED'S "AAA RATED FIXED INCOME OF DEVELOPED ECONOMIES SEGREGATED PORTFOLIO," FUND ID AAARATEDFIX01, GENERAL ACCOUNT NUMBER 216241, AND ANY PROPERTY TRACEABLE THERETO, et al. : : : :

No. 15-CV-05063

Defendants *in rem*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**DECLARATION IN SUPPORT OF DEFAULT JUDGMENT**

MARIE M. DALTON, pursuant to Title 28, United States Code, Section 1746, declares under penalty of perjury as follows:

1. I am a Trial Attorney with the United States Department of Justice, Asset Forfeiture and Money Laundering Section, attorney for plaintiff herein. I am one of the attorneys who have responsibility for the above-captioned matter and, as such, I am familiar with the facts and circumstances set forth herein. This declaration is submitted in support of plaintiff's request for a default judgment as to the Defendants *in rem* (the "Defendant Property") in the above-captioned case.

2. This action seeks forfeiture of any and all assets held in accounts at Bank of New York Mellon SA/NV, Bank of New York Mellon Investment Servicing (International) Limited,

Bank of New York Melon Trust Co. (Ireland) Limited, and Clearstream Banking S.A. The United States commenced this action on June 29, 2015, by filing a verified complaint for forfeiture *in rem* (the "Verified Complaint"), initiating the above-captioned action and alleging that the Defendant Property should be forfeited to the United States of America pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C). A copy of the Verified Complaint is attached hereto as **Exhibit A** and is fully incorporated by reference herein.

3. Beginning on July 1, 2015, notice of the pendency of this case was posted on an official government internet site (www.forfeiture.gov) pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims for thirty (30) consecutive days. Proof of such publication was filed with the Clerk of Court on October 30, 2015. A copy of the proof of publication is attached hereto as **Exhibit B**.

4. Pursuant to Rule G(4)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, a Notice of Complaint for Forfeiture, a copy of the Verified Complaint, and other pertinent documents (the "Notice Packet") were sent by Federal Express and delivered to the following addresses.

| Addressee | Address | Date Delivered | Claim Deadline Listed in Notice Packet |
|---|---|---|---|
| Bekhzod Akhmedov | C/O: Ola Salomonsson<br>Kungsholms Torg 16, 4tr<br>112 21 Stockholm, Sweden | 7/17/15[1] | 8/18/15 |
| Bekhzod Akhmedov | Shayhontohurskiy District,<br>13 "A" A. Rahmat Street<br>Tashkent, Uzbekistan | 7/6/15[2] | 8/25/15 |
| | | 7/23/15[3] | 8/19/15 |
| Alisher Ergashev | Ulitsa Bakht, Dom 10,<br>Tashkent, Uzbekistan | 7/6/15[2] | 8/25/15 |
| | | 7/23/15[3] | 8/19/15 |
| Alisher Ergashev | C/O: Gunnar Falk<br>Advokatfirman Falk,<br>Sjöberg & Partners AB<br>Box 3206<br>103 64 Stockholm | 7/20/15[1] | 8/18/15 |

| Addressee | Address | Date Delivered | Claim Deadline Listed in Notice Packet |
|---|---|---|---|
| Alisher Ergashev | s/s Matkabulova Bakht, 10 Kibraysky Rayon, Tashkentskaya Oblast, Uzbekistan | 7/6/15[2] | 8/25/15 |
| | | 7/23/15[3] | 8/19/15 |
| Alisher Ergashev | Ul. Baht, S/S Matkabulova, Kibray 10, Tashkent, Uzbekistan | 7/6/15[2] | 8/25/15 |
| | | 7/23/15[3] | 8/19/15 |
| Alisher Ergashev | 10 Bakht Street, Kilbray, Tashkent, Uzbekistan | 7/6/15[2] | 8/25/15 |
| | | 7/23/15[3] | 8/19/15 |
| Expoline Limited | 48 Queen Anne Street, London, UK, W1G9JJ | 7/2/15 | 8/25/15 |
| First Global Investments | DMS Corporate Services, P.O. Box 1344, Ansbacher House, 20 Genesis Close, George Town, Grand Cayman KYI-1108, Cayman Islands | 7/1/15 | 8/25/15 |
| Gayane Avakyan | C/O: Tomas Rothpfeffer Sju Advokater KB Box 22016 104 22 Stockholm, Sweden | 7/20/15[1] | 8/18/15 |
| Gayane Avakyan | C-2, M. Ulukbekskiy R-N 12-16, Tashkent, Uzbekistan | 7/6/15[2] | 8/25/15 |
| | | 7/23/15[3] | 8/19/15 |
| Gayane Avakyan | 25 Street Kunaeva, Tashkent, Uzbekistan 700015 | 7/6/15[2] | 8/25/15 |
| | | 7/23/15[3] | 8/19/15 |
| Gayane Avakyan | Apt. 16, 12 District C2, Tashkent, Uzbekistan | 7/6/15[2] | 8/25/15 |
| | | 7/23/15[3] | 8/19/15 |
| Gulnara Karimova | Gogolya Ultisa 77A, Tashkent, Uzbekistan | 7/6/15[2] | 8/25/15 |
| | | 7/23/15[3] | 8/19/15 |
| Gulnara Karimova | Ya Gulyamova Street 77, Tashkent, Uzbekistan | 7/6/15[2] | 8/25/15 |
| | | 7/23/15[3] | 8/19/15 |
| Gulnara Karimova | Yahyo Gulyamova Str. 77a, Tashkent, Uzbekistan | 7/6/15[2] | 8/25/15 |
| | | 7/23/15[3] | 8/19/15 |

| Addressee | Address | Date Delivered | Claim Deadline Listed in Notice Packet |
|---|---|---|---|
| Rustam Madumarov | Yunusabadskiy District, m. 28 Ynus-Abad-11, apt. 6<br>Tashkent, Uzbekistan | 7/6/15[2]<br>7/23/15[3] | 8/25/15<br>8/19/15 |
| Rustam Madumarov | Of. Apt. 6. 28 District 11, Unus-Abat,<br>Tashkent, Uzbekistan | 7/6/15[2]<br>7/23/15[3] | 8/25/15<br>8/19/15 |
| Rustam Madumarov | Apartment 6, House 28, Block 11,<br>Yunusabad District,<br>Tashkent City, Uzbekistan | 7/6/15[2]<br>7/23/15[3] | 8/25/15<br>8/19/15 |
| Shokrukh Sabirov | 6 Abdurashidova Street,<br>Yunusabad District,<br>Tashkent City, Uzbekistan | 7/6/15[2]<br>7/23/15[3] | 8/25/15<br>8/19/15 |
| Shokrukh Sabirov | Parda Tursun Ulitsa, Dom 19<br>Tashkent, Uzbekistan<br>100105 | 7/6/15[2]<br>7/23/15[3] | 8/25/15<br>8/19/15 |
| Swisdorn Limited | Form-a-Co (Gibraltar) Ltd.<br>P.O. Box 563<br>Suites 41/42, Victoria House,<br>26 Main Street, Gibraltar | 8/27/15 | 9/22/15 |
| Takilant Limited | Form-a-Co (Gibraltar) Ltd.<br>P.O. Box 563<br>Suites 41/42, Victoria House,<br>26 Main Street, Gibraltar | 8/27/15 | 9/22/15 |
| Takilant Limited | C/O: Tomas Rothpfeffer<br>Sju Advokater KB<br>Box 22016<br>104 22 Stockholm, Sweden | 7/20/15[1] | 8/18/15 |
| Takilant Limited | Mirabadskiy R-N,<br>Uz Kunaev, A 25<br>Tashkent, Uzbekistan | 7/6/15[2]<br>7/24/15[3] | 8/25/15<br>8/19/15 |
| Takilant Limited | 25 Kunaev Street,<br>Dom Stilya,<br>Tashkent, Uzbekistan<br>100015 | 7/6/15[2]<br>7/23/15[3] | 8/25/15<br>8/19/15 |

[1] Notice Packet provided in English and Swedish.
[2] Notice Packet provided in English with Notice Letter also translated into Uzbek.
[3] Notice Packet provided in Russian.

A copy of the delivery confirmation for the Notice Packets are attached hereto as **Exhibit C**.

5. Additionally, Notice Packets were sent by Federal Express to the following addresses but the recipient refused to accept delivery:

| Addressee | Address | Date Refused |
|---|---|---|
| Expoline Limited | Suite 701,<br>Tung Hip Commercial Building,<br>244-248 Des Voeux Road<br>Central, Hong Kong | 7/3/15 |
| Expoline Limited | Suite 18B, 148 Connaught Road,<br>Central, Hong Kong | 7/8/15 |
| Expoline Limited | 10/F Baskerville House,<br>13 Duddel Street<br>Central, Hong Kong | 7/6/15 |
| Shokrukh Sabirov | 148 Connaught Road,<br>Central, Hong Kong | 7/8/15 |

A copy of the delivery exceptions for the Notice Packets are annexed hereto as **Exhibit D**. As explained in paragraph 6, Notice Packets were delivered to this individual and entity at alternative addresses.

6. The United States also sought the assistance of the Government of Switzerland, pursuant to the 1973 U.S.-Swiss Confederation Mutual Legal Assistance Treaty, requesting that the Swiss authorities provide notice to any attorneys located in Switzerland who may have been appointed to represent Gulnara Karimova, Rustam Madumarov, Alisher Ergashev, Shokrukh Sabirov, Gayane Avakyan, Swisdorn Limited, Takilant Limited or Expoline Limited in conjunction with Swiss criminal proceedings. The United States requested that Switzerland deliver Notice Packets to the Swiss attorneys appointed to represent the potential claimants. After being contacted by the Swiss authorities, the Swiss attorneys refused to accept the Notice

Packets sent by the United States.[1] An affidavit discussing the efforts made to notify the potential claimants' Swiss attorneys is annexed hereto as **Exhibit E**.

7. No person or entity has filed either a claim or an answer to the Verified Complaint, or has otherwise appeared or answered in this regard, and the time to do so has expired. Pursuant to Supplemental Rule G(5)(a) & (b), any claimant to the Defendant Property was required to file a claim no later than 35 days after the date of notice, the date identified in the notice letter, or 60 days after the first publication of notice on the official government website. Those time periods expired by September 22, 2015, and no extensions of these time limits have been consented to by the United States or granted by this Court.

8. The foregoing are the only persons or entities known by the government to have a potential interest in the Defendant Property.

9. Upon information and belief, no person or entity thought to have an interest in the Defendant Property is an infant, incompetent, or presently engaged in military service.

10. Warrants of arrest *in rem* were duly executed on the Defendant Property located in Ireland and Luxembourg and named for forfeiture in this action, on the following dates:

a. Bank of New York Mellon Investment Servicing (International) Limited, Ireland: August 27, 2015

b. Bank of New York Mellon Trust Co. (Ireland) Limited, Ireland: August 27, 2015

c. Clearstream Banking S.A., Luxembourg: August 28, 2015

---

[1] As set forth in paragraph 4 (above), Notice Packets were also sent to addresses for each of these individuals, entities, and/or their legal representatives in Sweden.

**Exhibit F**, attached hereto, contains copies of the official certifications from these jurisdictions evidencing delivery of the warrants of arrest *in rem* to these custodians.

11. The United States also sought and obtained the assistance of the Government of Belgium, which seized the Defendant Property located in Belgium in May 2014 and has maintained custody of the assets on behalf of the United States. **Exhibit G**, attached hereto, contains documents evidencing the seizure of the Defendant Property in Belgium.

12. Accordingly, the government requests that the Court enter the proposed Default Judgment.

13. A Clerk's Certification is attached hereto as **Exhibit H**.

14. No previous application for the relief request herein has been made.

Dated: November 16, 2015

Respectfully submitted,

M. KENDALL DAY, CHIEF
ASSET FORFEITURE AND MONEY
LAUNDERING SECTION

By: */s/ Marie Dalton*

MARIE DALTON
Trial Attorney
Asset Forfeiture and Money
Laundering Section
U.S. Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 598-2982
Fax: (202) 617-2547
Email: Marie.Dalton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA