# Exhibit G





**NEDERLANDSTALIGE RECHTBANK VAN EERSTE AANLEG BRUSSEL**
kabinet van onderzoeksrechter

**JEROEN BURM**

Quatre-Brasstraat 4
1000 BRUSSEL

tel: 00 32 2 508 73 45
fax: 00 32 2 519 84 01

| Dossiernummer:2014/1018 | Notitiënnummer: BR AO.424-14 |
|---|---|

**BANKVORDERING**

Wij, J.BURM, onderzoeksrechter in de Nederlandstalige rechtbank van eerste aanleg Brussel, Rekening houdend met de stukken van de rechtspleging en meer in het bijzonder de vorderingen van de procureur des Konings dd 30.04.2014 en dd. 05.05.2014, de beschikking van exequatur van de Raadkamer van de Nederlandstalige rechtbank van eerste aanleg Brussel dd 05.05.2014, de machtiging van de FOD JUSTITIE dd 22.04.2014, het Amerikaans rechtshulpverzoek dd 09.04.2014.

Vorderen de Bank of New York Mellon SA/NV te Brussel:

**A. Inbeslagneming**
de in bewarend beslagneming met in acht name van de wettelijke voorschriften zoals gevoegd bij de kennisgeving/vordering, van alle in deposito gegeven fondsen en tegoeden in de volgende bankrekeningen bij de Bank of New York Mellon SA/NV in België evenals alle fondsen die daar naar herleidbaar zijn:

alle activa gehouden in rekeningnummers 102162418400, 102162418260 of 102162419780 bij de Bank of New York Mellon SA/NV in Brussel, België namens First Global Investments SPC Limited behorende tot de "AAA Rated Fixed Income of Developed Economies Segregated portefeuille", met Fondsidentificatie AAARATEDFÏX01, Algemeen rekeningnummer 216241;

**B. Bankdocumenten**
het overleggen van alle documenten van Bank of New York Mellon, SA/NV, gevestigd in de hoofdzetel in Brussel, 46 Rue Montoyerstraat, B- 1000 Brussel, België, haar verbonden instellingen en voorgangers in verband met de volgende individuen, entiteiten en portefeuilles:





a. De documenten voor de opening van rekeningen met inbegrip van maar niet beperkttot handtekeningkaarten, identificatie, autorisatie, effectief eigendom, procuraties, bedrijfsbesluiten en oprichting;

b. Documenten in verband met de nalevingcontroles, én de oorspronkelijke én de periodieke controles met inbegrip van "ken-uw-cliënt", anti-witwas-documenten en documenten aangaande politieke prominente personen, en alle documenten nagezien ter voorbereiding van deze controles;

c. Periodieke bankafschriften vanaf de opening van de rekening tot op heden;

d. Documenten aangaande geldovermakingen van meer dan $5.000 met inbegrip van instructies, autorisaties, goedkeuringen, 'due diligence' vanwege opdrachtgever of bestemmeling, elektronische ontvangstbewijzen, rekeningnummer van de 30 opdrachtgever of de bestemmeling evenals de opdrachtgevende en ontvangende financiële instelling;

e. Documenten in verband met of de identificatie van de effectieve eigenaars van de rekeningen, (b) de aandeelhouders van de rekeningen, (c) de rekeninghouders of (d) hun vertegenwoordigers, agenten en rechtverkrijgenden;

f. Mededelingen aangaande de rekening van of naar (a) de klant, agenten van de klant, fondsbeheerders, FGI-agenten, FGLdirecteuren, agenten van fondsbeheerders, aandeelhouders van FGI-portefeuilles en BNY Servicing (b) interne personeelsleden van de Bank of New York Mellon, SA/NV, haar geaffilieerde entiteiten en haar voorgangers, (c) compliance-personeel en (d) rechtshandhavhigsinstanties;

g. Documenten met betrekking lot de administratie van FGI evenals van de vier FGI-portefeuilles met inbegrip van maar niet beperkt tot alle prospectussen en/of aanbodmemoranda, rekening of contractovereenkomsten, contractuele bedingen i.v.m. de rekeningen, alle individuele geauditeerde portefeuille cijfers, alle handtekeningenlijsten, alle documenten i.v.m. de emissie van aandelen en de inschrijvingen aangaande de vier portefeuilles evenals alle documenten die verband houden met de terugkoop van aandelen of de inschrijvingen voorde vier portefeuilles;

h. Alle documenten die betrekking hebben op functionarissen, directeuren, aandeelhouders, fondsbeheerders, bewaarders en beleggingsadviseurs van FGI en van de vier FGI-portefeuilles;

i . Alle verklaringen die de transactionele activiteiten en saldi voor de onderliggende activa van elk van de FGI-portefeuilles tonen;

j . De waarde van enige activa die in beslag genomen werden als gevolg van het uitvoeren van het bevel.

Vorderen de Bank of New York Mellon SA/NV hiertoe haar medewerking te verlenen, en beslissen dat de ingewonnen gegevens mij ook worden medegedeeld met certificatie van de handels (bank) documenten die worden aanvaard als bewijsmateriaal in Amerikaanse procedures zoals overigens nader uiteengezet in het rechtshulpverzoek, voor zover deze niet in strijd met de Belgische wetgeving.

**Bevelen** dat vanaf de ontvangst van de kennisgeving van dit bewarend beslag, de schuldenaars de sommen of zaken die het voorwerp zijn van het beslag niet meer uit handen mogen geven;

Overwegende dat de medewerking van de Bank of New York Mellon noodzakelijk is teneinde de hierboven vermelde maatregelen mogelijk te maken, noodzakelijk om de waarheid aan de dag te brengen;
Vorderen de Bank of New York Mellon hiertoe haar medewerking te verlenen;

Aldus verleend te Brussel op 07/05/2014
de Onderzoeksrechter,
J. BURM.

Quatre-Brasstraat 4 – 1000 Brussel
Telefoon: 02/508 73.45 – Fax: 02/519 84 01

BIJLAGE bij de vordering van 07/05/2014

1. ***Artikel 37 § 4 van het Wetboek van strafvordering***
*Vanaf de ontvangst van de kennisgeving of het proces-verbaal, mag de schuldenaar de sommen of zaken die het voorwerp zijn van het beslag, niet meer uit handen geven. Binnen vijftien dagen na het beslag, is de schuldenaar gehouden om bij ter post aangetekende brief verklaring te doen van de sommen of zaken die het voorwerp zijn van het beslag, overeenkomstig het bepaalde in artikel 1452 van het Gerechtelijk Wetboek[1].*
*De schuldenaar heeft recht op vergoeding van de kosten van de verklaring. Deze kosten, voorzien van de goedkeuring vanwege de procureur des Konings of de onderzoeksrechter van wie het beslag uitgaat, worden als gerechtskosten beschouwd.*

2. **Artikel 1452 van het Gerechtelijk Wetboek**
Binnen vijftien dagen na het derden-beslag, is de derde-beslagene gehouden verklaring te doen van de sommen of zaken die het voorwerp zijn van het beslag.
De verklaring moet nauwkeurig alle dienstige gegevens voor de vaststelling van de rechten van partijen vermelden en, naar gelang van de gevallen, inzonderheid:
1° de oorzaken en het bedrag van de schuld, de dag van haar opeisbaarheid en in voorkomend geval haar modaliteiten;
2° de bevestiging door de derde-beslagene dat hij niet of niet meer de schuldenaar is van de beslagene;
3° de opgave van de beslagnemingen onder derden waarvan aan de derde-beslagene reeds kennis is gegeven.
Indien het derden-beslag op roerende goederen geschiedt, moet de derde-beslagene een omstandige staat van de bedoelde goederen bij zijn verklaring voegen.

3. **Artikel 61quater van het Wetboek van strafvordering**
§ 1. Eenieder die geschaad wordt door een onderzoekshandeling met betrekking tot zijn goederen kan aan de onderzoeksrechter de opheffing ervan vragen.
§ 2. Het verzoekschrift wordt met redenen omkleed en houdt keuze van woonplaats in België in, indien de verzoeker er zijn woonplaats niet heeft. Het wordt toegezonden aan of neergelegd op de griffie van de rechtbank van eerste aanleg en ingeschreven in een daartoe bestemd register. De griffier zendt hiervan onverwijld een kopie aan de procureur des Konings.
Deze doet de vorderingen die hij nuttig acht.
De onderzoeksrechter doet uitspraak uiterlijk binnen vijftien dagen na de inschrijving van het verzoekschrift in het register.
De beschikking wordt door de griffier medegedeeld aan de procureur des Konings en per faxpost of bij een ter post aangetekende brief ter kennis gebracht van de verzoeker en, in voorkomend geval, zijn advocaat binnen acht dagen na de beslissing.
§ 3. De onderzoeksrechter kan het verzoek afwijzen, indien hij van oordeel is dat de noodwendigheden van het onderzoek het vereisen, indien door de opheffing van de handeling de rechten van partijen of van derden in het gedrang komen, indien de
opheffing van de handeling een gevaar zou opleveren voor personen of goederen, of wanneer de wet in de teruggave of de verbeurdverklaring van de betrokken goederen voorziet.
Hij kan een gehele, gedeeltelijke of voorwaardelijke opheffing toestaan. Eenieder die de vastgestelde voorwaarden niet naleeft, wordt gestraft met de straffen bepaald in artikel 507bis van het Strafwetboek.
§ 4. Ingeval het verzoek wordt ingewilligd, kan de onderzoeksrechter voorlopige tenuitvoerlegging van de beslissing uitspreken wanneer vertraging zou leiden tot een onherstelbaar nadeel.
§ 5. De procureur des Konings en de verzoeker kunnen hoger beroep instellen tegen de beschikking van de onderzoeksrechter binnen een termijn van vijftien dagen. Ten aanzien van de procureur des Konings gaat die termijn in op de dag waarop de beschikking hem wordt medegedeeld en, ten aanzien van de verzoeker, op de dag waarop die hem ter kennis wordt gebracht.
Het hoger beroep wordt ingesteld door verklaring gedaan op de griffie van de rechtbank van eerste aanleg en ingeschreven in een daartoe bestemd register.
De procureur des Konings zendt de stukken over aan de procureur-generaal, die ze ter griffie neerlegt.
De kamer van inbeschuldigingstelling doet uitspraak binnen vijftien dagen na de neerlegging van de verklaring. Deze termijn is geschorst tijdens de duur van het uitstel verleend op vraag van de verzoeker of van zijn advocaat.
De griffier stelt de verzoeker en zijn advocaat per faxpost of bij een ter post aangetekende brief, uiterlijk achtenveertig uur vooraf, in kennis van plaats, dag en uur van de zitting.
De procureur-generaal, de verzoeker en zijn advocaat worden gehoord.
Het hoger beroep heeft opschortende werking, tenzij voorlopige tenuitvoerlegging is bevolen.
De verzoeker die in het ongelijk wordt gesteld, kan veroordeeld worden in de kosten.

---

Quatre-Brasstraat 4 – 1000 Brussel
Telefoon: 02/508 73.45 – Fax: 02/519 84 01

§ 6. Indien de onderzoeksrechter geen uitspraak heeft gedaan binnen de bij § 2, tweede lid, bepaalde termijn, vermeerderd met vijftien dagen, kan de verzoeker zich wenden tot de kamer van inbeschuldigingstelling. Dit recht vervalt indien het met
redenen omklede verzoekschrift niet binnen acht dagen is neergelegd op de griffie van de rechtbank van eerste aanleg. Het verzoekschrift wordt ingeschreven in een daartoe bestemd register. De procedure verloopt overeenkomstig § 5, derde tot zesde lid.

§ 7. Vanaf de aanhangigmaking bij een rechtbank of een hof, kan een verzoekschrift in de zin van § 2 worden ingediend op de griffie van deze rechtbank of dit hof. Over het verzoekschrift wordt beslist in raadkamer binnen vijftien dagen. De rechtbank of het hof kan het verzoek afwijzen om één van de redenen vermeld in § 3. Wanneer hoger beroep bestaat, of in geval de rechtbank geen uitspraak doet binnen de vijftien dagen na de indiening van het verzoekschrift, kan de verzoeker hoger beroep instellen bij de kamer van inbeschuldigingstelling overeenkomstig § 5. Ingeval de rechtbank het verzoek toestaat, kan de procureur des Konings op dezelfde wijze en binnen dezelfde termijn hoger beroep instellen.

§ 8. De verzoeker mag geen verzoekschrift met hetzelfde voorwerp toezenden of neerleggen vooraleer een termijn van drie maanden is verstreken te rekenen van de laatste beslissing die betrekking heeft op hetzelfde voorwerp.

4. **Artikel 507bis van het Strafwetboek.**

Met gevangenisstraf van acht dagen tot twee jaar en met geldboete van zesentwintig frank tot vijfhonderd frank wordt gestraft hij die de overeenkomstig de artikelen 28sexies en 61quater van het Wetboek van Strafvordering opgelegde voorwaarden bij de opheffing van een opsporings- of onderzoekshandeling niet naleeft.

Quatre-Brasstraat 4 – 1000 Brussel
Telefoon: 02/508 73.45 – Fax: 02/519 84 01





**DUTCH-SPEAKING COURT OF FIRST INSTANCE BRUSSELS**
Cabinet of the examining judge
**JEROEN BURM**

Quatre-Brasstraat 4
1000 BRUSSELS

Tel.: 00 32 2 508 73 45
Fax: 00 32 2 519 84 01

| File reference #: 2014/1018 | Reference #: BR AO.424-14 |
|---|---|

**BANKING CLAIMS**

We, J. BURM, Examining Magistrate with the Dutch-speaking Court of First Instance in Brussels, assisted by our Clerk of the Court, M. AERTS, taking into account the judicial documents, and more specifically, the legal actions of the Public Prosecutor dated 04.30.2014 and of 05.05.2014, the ruling of exequatur of the Judges' Council Chamber of the Dutch-speaking Court of First Instance of Brussels dated 05.05.2014, the authorization of the FEDERAL PUBLIC DEPARTMENT OF JUSTICE dated 04.22.2014, and the American legal assistance request dated 04.09.2014.

Hereby requests the Bank of New York Mellon SA/NV in Brussels to proceed with:

**A. Seizure**
the protective seizure, in compliance with the legal provisions as annexed to the notification/ legal action, of all deposited funds and assets in the following bank accounts at the Bank of New York Mellon SA/NV in Belgium as well as of any and all funds that can be traced hereto;

all assets held in account numbers 102162418400, 102162418260 or 102162419780 at the Bank of New York Mellon SA/NV in Brussels, Belgium on behalf of First Global Investments SPC Limited belonging to the "AAA Rated Fixed Income of Developed Economies Segregated Portfolio," with fund identification AAARATEDFÏX01, General account no. 216241;

**B. Bank documents**
the submission of all documents of the Bank of New York Mellon, SA/NV, located at the main office in Brussels, 46 Rue Montoyerstraat, B-1000 Brussels, Belgium, its related institutions and predecessors with regard to the following individuals and portfolios:



Including but not limited to:

a. The documents related to the opening of accounts, including but not limited to the signature cards, identifications, authorization, beneficial ownership, power of authorities, business decrees and establishment;

b. Documents related to compliance controls, the original and periodical controls, including the "know-your-client", the anti-money laundering documents, as well as the documents concerning prominent political personalities and all documents reviewed in preparation of these controls;

c. Periodical bank statements starting from the opening of the account until the present;

d. Documents involving money transfers of more than $5,000, including the instructions, authorizations, approvals, 'due diligence' by the client or beneficiary, electronic receipts, the account number of the 30 client or beneficiary as well as the instructing and receiving financial institution;

e. Documents related to the identification of the beneficial owners of the accounts, (b) the shareholders of the accounts, (c) the account holders or (d) their representatives, agents and legal successors;

f. Communications related to the accounts from or to (a) the client, the client's agents, fund managers, FGI-agents, FGL-directors, the agents of the fund managers, shareholders of the FGI-portfolios and of BNY Servicing, (b) internal members of personnel of the Bank of New York Mellon, SA/NV its affiliated entities and its predecessors, (c) compliance personnel and (d) law enforcement agencies;

g. Documents related to the FGI-administration as well as to the four FGI-portfolios, including but not limited to all prospectuses and/or offer memoranda, account or contract agreements, contractual provisions related to the accounts, all individually audited portfolios numbers, all signature lists, all documents regarding the issue of shares and the subscriptions involving the four portfolios as well as all documents related to the repurchasing of shares or subscriptions for the four portfolios;

h. All documents related to the officials, directors, shareholders, fund managers, custodians and investments advisors of FGI and of the four FGI-portfolios;

i. All statements that indicate the transactional activities and balances for the underlying assets of each of the FGI-portfolios;

j. The value of any and all assets that were seized as a result of the execution this order.

Hereby request the Bank of New York Mellon SA/NV to provide its cooperation, and ask they make the decision to submit the collected data to me with certification of the commercial (bank) documents that will be admissible as evidence in American procedures, as further explained in the legal assistance request, in as far as said request is not violating Belgian law.

**Hereby order** that as of the time of receipt of the notification of this preventive seizure, the debtors no longer can release the sums or items that are the object of the seizure;

Considering that the cooperation of the Bank of New York Mellon is necessary to render the aforementioned measures possible and necessary to bring the truth to light;
We request the Bank of New York Mellon to lend all assistance in this matter.

Issued on 05/07/2014 [illegible seal]
the Examining Magistrate
J. BURM

*[Signature]*

Quatre-Brasstraat 4 – 1000 Brussels
Tel.: 02/508 73 45 – Fax: 02/519 84 01

1. **Article 37, § 4 of the Code of Criminal Procedure**

The debtor may, from the moment of notification of the process-verbal, no longer release the amounts or the items that are the object of seizure. Within fifteen day following the seizure, the debtor is obligated to report by registered mail the sums or items that are the object of the seizure, as stipulated in article 1452 of the Judicial Code[1].

The debtor is entitled to compensation of the costs of the declaration. These costs, accompanied by the approval of the King's Prosecutor of the examining judge who issued the seizure, are considered legal costs.

2. **Article1452 of the Judicial Code**

The third-party debtor, within fifteen days following the garnishment, must report of the amounts or items that are the object of the seizure.

This declaration must indicate accurately all the useful data for the determination of the rights of the parties and, depending on the cases, more specifically:

$1^0$ de causes and the amount of the debt, the due date, and depending on the case its modalities;

$2^0$ the confirmation by the third-part debtor that he is not or no longer the debtor of the debtor;

$3^0$ the notification of third-party seizures that have been already notified to the third-party debtor.

If the third-party seizure is executed on movable property, the third-party debtor shall add an extensive description of said property to his declaration.

3. **Article 61-quater of the Code of Criminal Procedure**

§1. Any person who gets harmed by an investigative measure involving his goods may request the examining magistrate to lift said measures.

§2. The petition must be substantiated and entails election of domicile in Belgium, if the petitioner does not have domicile there. The petition is sent to or filed with the Office of the Clerk of the Court of the Court of First Instance and is entered into a register intended for that purpose. The Clerk of the court shall send forthwith a copy hereof to the King's Prosecutor.

The latter may initiate the legal requests he/she shall deem useful.

The examining magistrate shall render judgment at the latest within fifteen days following the entering of the petition into the register.

The Clerk of the Court communicates the order to the King's Prosecutor and notifies per fax or registered mail the petitioner, and depending on the case, his attorney within eight days following the ruling.

§3. The investigative magistrate may turn down the petition if he is of the opinion that the necessities of the investigation demand it, if the rights of the parties or of third parties are engendered by the lifting of the act, if the lifting of the act may result in danger to persons or goods, or, when the law stipulates the return of the confiscated goods in question.

He may decide the entire, partial or conditional lifting. Whoever does not observe the required conditions, shall be sentenced to sanctions determined in article 507-bis of the Criminal Code

§4. The examining magistrate may, in case the petition is approved, decide the provisional implementation when delay would result in irreparable harm.

§5. The King's Prosecutor and the petitioner may appeal the order of the examining magistrate within a period of fifteen days. That period begins for the King's Prosecutor on the day it is notified to him and, for the petitioner, that period begins on the day it is brought to his attention.

The appeal is lodged through a declaration filed with the Office of the Clerk of the Court of First Instance and it is entered in a register set up for that purpose.

The King's Prosecutor sends the documents to the Prosecutor-General, who will deposit them at the Office of the Clerk of the Court.

The Chamber of Indictments rules within fifteen days following the filing of the declaration. This period is tolled during the duration of the delay granted upon request of the petitioner or of his attorney.

The Clerk of the Court notifies the petitioner and his attorney per fax or registered mail at the latest forty-eight hours ahead of time of the place, day and time of the hearing.

The Prosecutor-General, the petitioner and his attorney are heard.

The appeal has suspensive effect, unless provisional implementation is ordered.
The petitioner whose action is unsuccessful may be ordered to bear the costs thereof.

§6. If the examining magistrate does not issue a ruling within the period as defined in §2, second paragraph, augmented with fifteen days, the petitioner may contact the Chamber of Indictments. This right expires if the reasoned petition is not filed within eight days with the Office of the Clerk of the Court of First Instance. The petition is entered into a register set up for that purpose. The procedure runs in accordance with § 5, third thru sixth paragraph.
§7. From the moment of submission to a court of higher court, a petition, as defined in §2, may be filed with the Office of the Clerk of that court or higher court. A decision about the petition is taken in chambers within fifteen days. The court or higher court may turn down the petition for one of the reasons mentioned in §3. In case of an appeal or in case the court does not issue a ruling within fifteen days following the filing of the petition, the petitioner is entitled to lodge an appeal with the Chamber of Indictments pursuant to §5. If the court approves the petition, the King's Prosecutor is entitled to lodge an appeal in the same manner and within the same period.
§8. The petitioner may not send or filed a petition with the same object before a period of three months has elapsed to be running from the moment of the last decision that is related to the same object.

**4. Article 507-bis of the Criminal Code**

Whoever violates, pursuant to articles 28-sexies and 61-quarter of the Code of Criminal Procedure, the required conditions for the lifting of an investigating act or inquiry shall be punished with a jail sentence from eight days to two years and with a fine from twenty-six francs to five hundred francs.