# HOLWELL SHUSTER & GOLDBERG LLP

750 Seventh Ave., 26th Floor
New York, New York 10019
Tel: (646) 837-5151
Fax: (646) 837-5150
www.hsgllp.com

*Hon. Richard J. Holwell*
 *(646) 837-5152*
 *rholwell@hsgllp.com*

January 4, 2016

VIA ECF AND EMAIL

The Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

Re:  *United States v. All Assets Held in Account Numbers 102162418400, 102162418260, and 102162419780 at Bank of New York Mellon SA/NV, et al.*; Case No. 15-cv-05063; Request For Adjournment of January 7, 2016 Hearing.

Dear Judge Carter:

  This firm is in the process of being retained by the Republic of Uzbekistan in connection with the above-referenced action. The Court has set a hearing for this coming Thursday, January 7 by order to show cause as to why a judgment of default should not be entered. We respectfully request that this hearing be adjourned and that we be accorded three weeks, should the Court's calendar allow it, to permit the Republic of Uzbekistan to respond to the complaint by verified claim. The adjournment being requested will also permit Uzbekistan to seek a resolution through diplomatic channels. This is the first request by Uzbekistan for an extension of time. We have requested the Department of Justice's consent to an adjournment and have arranged to confer telephonically early tomorrow morning. In order to comply with your Honor's Rule 1(D), we are filing the present letter today, two business days before the scheduled court hearing, but will update the Court if the Department of Justice consents to the request for an extension.

  As the Court is aware, the United States launched this *in rem* proceeding against property located overseas to seize the proceeds of an international bribery and money-laundering scheme. The complaint alleged that two telecommunications companies incorporated and headquartered abroad paid $500 million in bribes to Uzbek persons via foreign shell companies to gain access to the Uzbek market. Compl. ¶¶ 2-3, 14. On July 9, the United States obtained warrants of arrest for the proceeds of these illegal payments, all of which were located overseas, Dkt. 5-7, and issued a public notice of forfeiture on a U.S. government website, Dkt. 8. On November 16, the United States sought a default judgment. Dkts. 12-13. On November 23, the Court entered

an order to show cause why a default judgment should not be entered, setting a deadline of December 21 to make written submissions and scheduling a hearing for January 7.  Dkt. 14.

The Court should adjourn the January 7 hearing and accord the Republic of Uzbekistan additional time within which to respond to the complaint by verified claim.  First, although Rule G(4)(b) of the Supplemental Rules for Certain Admiralty or Maritime Claims required the United States to provide "direct notice" of this forfeiture action to "any person who reasonably appears to be a potential claimant on the facts known to the government," the United States to our knowledge did not provide that notice to Uzbekistan.  Instead, the United States sought to provide direct notice only to "Gulnara Karimova, Bekhzod Akhmedov, Alisher Ergashev, Rustam Madumarov, Gayane Avakyan, Shokrukh Sabirov, Expoline Limited, Swisdorn Limited, Takilant Limited, and First Global Investments."  *See* Dkt. 12 at 4.  Given that the bribery scheme at the center of the complaint occurred in Uzbekistan, and that the complaint alleged that two of the individuals who had engaged in the bribery scheme (Rustam Madumarov and Gayane Avakyan) were "convicted and sentenced to six years in an Uzbek jail" for the conduct at issue (Compl. ¶¶ 18-19), Uzbekistan should have been given direct notice by the United States.  Indeed, the Republic of Uzbekistan clearly is an injured party because its officials were the subject of the bribes at issue.

Second, although the Republic of Uzbekistan received a copy of the order to show cause only by chance, it informed the Court of its interest in the subject property before the December 21, 2015 deadline set by the Court's order to respond in writing.  We enclose as exhibit A hereto a copy of the December 16, 2015 letter from the Minister of Justice for the Republic of Uzbekistan to this Court.  The Minister's letter confirmed (as alleged in the complaint) that Messrs. Madumarov and Avakyan had been convicted of violating Uzbek law for the conduct alleged in the Government's complaint.  *See* Ex. A hereto at 1.  The December 16 letter further informed the Court that these and other judgments of conviction covered the assets that the United States was seeking to recover in this action, and that these assets therefore belonged to Uzbekistan and were "subject to return to Uzbekistan" under international law.  *Id.* at 1-2.  (As noted in the December 16 letter, the Republic of Uzbekistan was at the time in the process of translating into English the judgments of conviction; that process is ongoing.)

Third, the adjournment being sought here is consistent with federal and international law.  To begin with, this Court lacks the jurisdiction to enter a judgment against a sovereign for mere procedural default.  *See* 28 U.S.C. § 1608(e) ("No judgment by default shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court."); *Transaero, Inc. v. La Fuerza Area Boliviana*, 24 F.3d 457, 462 (2d Cir.), *on reh'g in part sub nom. Transaero, Inc. v. La Fuerza Aerea Boliviana*, 38 F.3d 648 (2d Cir. 1994) ("The purpose of the evidentiary requirement of section 1608(e) is to assure that foreign sovereigns, who sometimes are slow to respond to legal action, are protected from unfounded claims."); *Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 242 (2d Cir. 1994) ("[W]hen … a foreign sovereign defaults, the district court must determine whether the plaintiff's allegations are supported by evidence.").

And here, there are serious questions under the Foreign Sovereign Immunities Act as to whether this Court has the jurisdiction to enter any judgment divesting Uzbekistan of its property interests in the subject assets. 28 U.S.C. § 1609 ("the property in the United States of a foreign state shall be immune from attachment, arrest and execution"); *see also Walters v. Indus. & Commercial Bank of China, Ltd.*, 651 F.3d 280, 289 (2d Cir. 2011) ("the execution immunity afforded sovereign property is broader than the jurisdictional immunity afforded the sovereign itself" because "'at the time the FSIA was passed, the international community viewed execution against a foreign state's property as a greater affront to its sovereignty....'" (*Connecticut Bank of Commerce v. Republic of Congo*, 309 F.3d 240, 255–56 (5th Cir. 2002)). Indeed, as set forth in the Minister's letter, the proceeds of the bribery scheme belong to Uzbekistan under Uzbek and international law, principally because Uzbekistan is the primary injured party, as its officials were bribed. That right fully vested upon the convictions, which occurred in July 2015.

Finally, the adjournment being sought here will not cause the United States any prejudice. The action was filed nearly six months ago. The United States has since executed arrest warrants in Ireland and Luxembourg, while "[t]he Defendant Property located in Belgium has ... [already] been seized by the Belgian authorities ...." Dkt. 12 at 3. Accordingly, an adjournment of a few weeks will not cause the United States any harm.

In that regard it also bears emphasis that the United States has at best a minimal interest in the bribery and money-laundering scheme that is at the center of the complaint. The corruption alleged in the complaint is fundamentally an Uzbek matter. The scheme occurred in Uzbekistan and involved Uzbek persons, some of whom are already serving prison sentences under Uzbek convictions for violating Uzbek law. Compl. ¶¶ 14, 18-20. The telecommunications companies that made the illicit payments are incorporated and headquartered abroad, as are the companies that received the payments. Compl. ¶¶ 21-22. The only apparent link to the United States here is that the two telecommunications companies that paid bribes happen to have "American Depository Shares" that trade on U.S. exchanges (Compl. ¶¶ 15-16), and that the illicit payments involved "transactions into and out of correspondent bank accounts at financial institutions in New York, New York" (*e.g.*, Compl. ¶ 85). This sort of connection to the United States does not outweigh the interests of Uzbekistan in this matter. *Compare Morrison v. Nat'l Australia Bank*, 561 U.S. 247 (2010) ("Congress ordinarily legislates with respect to domestic, not foreign matters").

Accordingly, we respectfully request that the Court adjourn the January 7 hearing and provide Uzbekistan with the opportunity to respond by verified claim. We are making this request for an adjournment by letter consistent with Rule 1(D) of the Court's individual rules, and due to shortness of time, but are prepared to proceed by motion should the Court desire.

Respectfully submitted,

Richard J. Holwell

Cc:   Marie Dalton, Esq. (by ECF and email)