UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

United States of America,

                Plaintiff,

    v.                                       1:15-cv-05063 (ALC)

All Assets Held in Account Numbers
102162418400, 102162418260, and
102162419780 at Bank of New York
Mellon SA/NV, et al.

                Defendants *in rem.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

United States of America,

                Plaintiff,

    v.                                       1:16-cv-01257 (ALC)

All funds held in Account Number
CH1408760000050335300 at Lombard Odier
Darier Hentsch & Cie Bank, Switzerland, on behalf
of Takilant Limited, et al.,

                Defendants *in rem.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## STIPULATION AND [PROPOSED] ORDER

        WHEREAS, on April 27, 2016, the Court entered an order in the above-captioned actions staying or extending the existing stay through July 31, 2016 to permit the United States of America and the Republic of Uzbekistan (collectively, "the Parties") to discuss a possible out-of-court resolution (Case No. 15-cv-05063, Dkt. No. 29; Case No. 16-cv-01257, Dkt. No. 12); and

        WHEREAS, on July 27, 2016, the Court entered an order in the above-captioned actions extending the stay through October 31, 2016 (Case No. 15-cv-05063, Dkt. No. 30; Case No. 16-cv-01257, Dkt. No. 16);

1

WHEREAS, on November 2, 2016, the Court entered an order in the above-captioned actions extending the stay through January 31, 2017 (Case No. 15-cv-05063, Dkt. No. 31; Case No. 16-cv-01257, Dkt. No. 17);

WHEREAS, on February 3, 2017, the Court entered an order in the above-captioned actions extending the stay through May 1, 2017 (Case No. 15-cv-05063, Dkt. No. 34; Case No. 16-cv-01257, Dkt. No. 20);

WHEREAS, on April 28, 2017, the Court entered an order in the above-captioned actions extending the stay through August 1, 2017 (Case No. 15-cv-05063, Dkt. No. 35; Case No. 16-cv-01257, Dkt. No. 21);

WHEREAS, on August 3, 2017, the Court entered an order in the above-captioned actions extending the stay through November 1, 2017 (Case No. 15-cv-05063, Dkt. No. 37; Case No. 16-cv-01257, Dkt. No. 23);

WHEREAS, on November 2, 2017, the Court entered an order in the above-captioned actions extending the stay through February 1, 2018 (Case No. 15-cv-05063, Dkt. No. 38; Case No. 16-cv-01257, Dkt. No. 24);

WHEREAS, on January 29, 2018, the Court entered an order in the above-captioned actions extending the stay through May 1, 2018 (Case No. 15-cv-05063, Dkt. No. 39; Case No. 16-cv-01257, Dkt. No. 25);

WHEREAS, on May 1, 2018, the Court entered an order in the above-captioned actions extending the stay through August 1, 2018 (Case No. 15-cv-05063, Dkt. No. 40; Case No. 16-cv-01257, Dkt. No. 26);

WHEREAS, on August 3, 2018, the Court entered an order in the above-captioned actions extending the stay through November 1, 2018 (Case No. 15-cv-05063, Dkt. No. 42; Case No. 16-cv-01257, Dkt. No. 28);

WHEREAS, on November 2, 2018, the Court entered an order in the above-captioned actions extending the stay through February 1, 2019 (Case No. 15-cv-05063, Dkt. No. 44; Case No. 16-cv-01257, Dkt. No. 30);

WHEREAS, on January 31, 2019, the Court entered an order in the above-captioned actions extending the stay through May 1, 2019 (Case No. 15-cv-05063, Dkt. No. 46; Case No. 16-cv-01257, Dkt. No. 32);

WHEREAS, the Parties agree that extending the stay through August 1, 2019 would promote these discussions, which are ongoing;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, and subject to the approval of the Court, that:

1. The above-captioned actions shall remain stayed, and all proceedings and deadlines, including filing and discovery deadlines, shall continue to be adjourned through August 1, 2019, in order to permit the Parties to continue the aforementioned discussions.

2. At the conclusion of this additional stay period, the Parties shall meet and confer, and promptly update the Court, on the status of the discussions and on the need, if any, for an extension of this stay or for resumption of these actions.

3. In the event that either litigation resumes, the Parties shall meet and confer on, and subsequently provide the Court with, a proposed schedule as to the filings required under Supplemental Rule G, as well as any other motions or filings the Parties intend to make.

4. Except as expressly set forth in this stipulation, nothing herein shall limit, abridge, or affect any law, rules, arguments, or processes, including deadlines and time limitations, that apply to the claims and defenses the Parties may have against each other or against other potential claimants, and the Parties expressly reserve all other rights they may have.

Dated: New York, New York
April 25, 2019

HOLWELL SHUSTER & GOLDBERG LLP

By: _____
Richard J. Holwell (rholwell@hsgllp.com)
Daniel P. Goldberg (dgoldberg@hsgllp.com)
Vincent Levy (vlevy@hsgllp.com)
Andrei Vrabie (avrabie@hsgllp.com)
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151

*Counsel for the Republic of Uzbekistan*

DEBORAH CONNOR, CHIEF
ASSET FORFEITURE AND MONEY
LAUNDERING SECTION

By: _____
DANIEL H. CLAMAN
Principal Assistant Deputy Chief
MICHAEL W. KHOO
Trial Attorney
Asset Forfeiture and Money
  Laundering Section
United States Department of Justice
1400 New York Avenue, NW
Bond Building, Suite 10100
Washingon, DC 20005
Telephone:   (202) 532-4708
Email:       Michael.Khoo@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

SO ORDERED:

_____
HONORABLE ANDREW L. CARTER, JR.
United States District Judge
Southern District of New York