UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
United States of America,

    Plaintiff,

  v.

All Assets Held in Account Numbers 102162418400, 102162418260, and 102162419780 at Bank of New York Mellon SA/NV, et al.,

    Defendants *in rem.*
------------------------------------x

1:15-cv-05063 (LJL)

------------------------------------x
United States of America,

    Plaintiff,

  v.

All funds held in Account Number CH1408760000050335300 at Lombard Odier Darier Hentsch & Cie Bank, Switzerland, on behalf of Takilant Limited, et al.,

    Defendants *in rem.*
------------------------------------x

1:16-cv-01257 (LJL)

## STIPULATION AND [PROPOSED] ORDER

WHEREAS, on June 29, 2015, the United States filed a verified complaint *in rem*, which initiated the above-captioned Case No. 1:15-cv-05063 (hereinafter, the "First Complaint"). In the First Complaint, the United States alleged that certain defendant assets are subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C) as proceeds traceable to a felony violation of the Foreign Corrupt Practices Acts of 1977 ("FCPA"), 15 U.S.C. §§ 78dd-1 *et seq.*, or property involved in money laundering or a conspiracy to commit money laundering, in violation 1956(a)(1)(B), and 1957; (*See* Case No. 1:15-cv-05063, Dkt. No. 1.)

1

WHEREAS, the Court issued a Partial Default Judgment and Order of Forfeiture on January 11, 2016, against the defendant assets described in the First Complaint, ordering that "the United States of America shall have judgment by default against Gulnara Karimova, Bekhzod Akhmedov, Alisher Ergashev, Rustam Madumarov, Gayane Avakyan, Shokrukh Sabirov, Expoline Limited, Swissdorn Limited, Takilant Limited, First Global Investments, and all potential claimants, *other than the Republic of Uzbekistan,* who have not otherwise filed a claim to the Defendant Property."  (Case No. 1:15-cv-05063, Dkt. No. 21 (emphasis added)).

WHEREAS, the Republic of Uzbekistan ("Uzbekistan") filed a claim to all Defendant Assets named in the First Complaint on January 26, 2016.  (Case No. 1:15-cv-05063, Dkt. No. 24.)

WHEREAS, on February 3, 2016, the Court entered an order staying Case No. 1:15-cv-05063 (*i.e.*, the First Complaint) for three months to permit the United States and Uzbekistan (collectively, "the Parties") to discuss a possible out-of-court resolution. (Dkt. No. 28.)

WHEREAS, on February 18, 2016, the United States filed a related verified complaint *in rem*, which initiated the above-captioned Case No. 1:16-cv-01257 (hereinafter, the "Second Complaint").  The Second Complaint also alleged that the certain defendant assets are subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C) as proceeds traceable to a felony violation of the FCPA, 15 U.S.C. §§ 78dd-1 *et seq*., or property involved in money laundering or a conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B), and 1957. (*See* Case No. 1:16-cv-01257, Dkt. No. 1.)

WHEREAS, Uzbekistan filed a claim to all defendant assets named in the Second Complaint on April 27, 2016  (Case No. 1:16-cv-01257, Dkt. No. 11.), and, on the same day, the

Court granted the Parties' request for a stay until July 31, 2016, in order to enable the Parties to discuss a possible out-of-court resolution.  (Case No. 1:16-cv-01257, Dkt. No. 12.)

WHEREAS, on June 23, 2016, the United States filed a motion seeking a partial default judgment and order of forfeiture against the defendant assets described in the Second Complaint. (*See* 1:16-cv-01257 (Dkt. No.  14),  seeking a default judgment against Gulnara Karimova, Bekhzod Akhmedov, Alisher Ergashev, Rustam Madumarov, Gayane Avakyan, Sodikjon Sokhibjonov, Shokrukh Sabirov, the entities Tozian and Takilant Limited, and all potential claimants, other than the Republic of Uzbekistan, who have not otherwise filed a claim to the defendant assets.

WHEREAS, this Court has not ruled on United States' June 23, 2016, partial default judgment motion in connection with the Second Complaint and no other potential claimant has since attempted to intervene in that matter.

WHEREAS, the above-captioned matters have remained stayed since 2016 to enable the parties negotiate a settlement agreement via undersigned counsel and diplomatic channels.  On December 5, 2022, the Court issued its most recent orders extending stays through April 5, 2023. (Case No. 15-cv-05063, Dkt. No. 92; Case No. 16-cv-01257, Dkt. No. 67.)

WHEREAS, as noted in the Parties' most recent joint status reports filed in the above-captioned cases on March 29, 2023, the resolution of the United States' outstanding motion for partial default judgment against all potential claimants other than Uzbekistan in Case No. 1:16-cv-01257 is in furtherance of the Parties' final resolution of both above-captioned matters. (Case No. 1:15-cv-05063, Dkt. No. 94; Case No. 1:16-cv-01257, Dkt. No. 69.)

WHEREAS, the Parties agree that extending the stay through June 5, 2023, would promote the Parties' ongoing settlement discussions;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, and subject to the approval of the Court, that:

1. The above-captioned actions shall remain stayed, and all proceedings and deadlines, including filing and discovery deadlines, shall continue to be adjourned through June 5, 2023, in order to permit the Parties to continue the aforementioned settlement discussions.

2. In furtherance of the final resolution of these actions, the Parties respectfully request that the Court rule on the United States' outstanding motion for partial default judgment and order of forfeiture against the defendants *in rem* in Case No. 16-cv-01257), which the Republic of Uzbekistan does not oppose. (*See* Dkt. No. 14; proposed order at Dkt. No. 14-3.)

3. At the conclusion of this additional stay period, the Parties shall meet and confer, and promptly update the Court, on the status of the discussions and on the need, if any, for an extension of this stay or for resumption of these actions.

4. In the event that either litigation resumes, the Parties shall meet and confer on, and subsequently provide the Court with, a proposed schedule as to the filings required under Supplemental Rule G, as well as any other motions or filings the Parties intend to make.

5. Except as expressly set forth in this stipulation, nothing herein shall limit, abridge, or affect any law, rules, arguments, or processes, including deadlines and time limitations, that apply to the claims and defenses the Parties may have against each other or against other potential claimants, and the Parties expressly reserve all other rights they may have.

Dated: New York, New York
April 5, 2023

HOLWELL SHUSTER & GOLDBERG LLP

By: _____
Richard J. Holwell (rholwell@hsgllp.com)
Daniel P. Goldberg (dgoldberg@hsgllp.com)
Vincent Levy (vlevy@hsgllp.com)
Andrei Vrabie (avrabie@hsgllp.com)
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151

*Counsel for the Republic of Uzbekistan*

BRENT S. WIBLE, CHIEF
MONEY LAUNDERING AND
ASSET RECOVERY SECTION

By:

/s/ Alison A. Yewdell
MARY BUTLER
Chief, International Unit
ADAM SCHWARTZ
Deputy Chief, International Unit
ALISON A. YEWDELL
Trial Attorney
Money Laundering and Asset Recovery Section
United States Department of Justice
1400 New York Avenue, NW
Bond Building, Suite 10100
Washington, DC 20005
Telephone: (202) 616-1674
Email: alison.yewdell@usdoj.gov

*Counsel for the United States of America*

SO ORDERED:

_____     April 5, 2023
HONORABLE LEWIS J. LIMAN               Date
United States District Judge
Southern District of New York

5