UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
United States of America,

                Plaintiff,

      v.                                     1:15-cv-05063 (LJL)

All Assets Held in Account Numbers
102162418400, 102162418260, and
102162419780 at Bank of New York
Mellon SA/NV, *et al.*,

                Defendants *in rem.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
United States of America,

                Plaintiff,

      v.                                     1:16-cv-01257 (LJL)

All funds held in Account Number
CH1408760000050335300 at Lombard Odier
Darier Hentsch & Cie Bank, Switzerland, on behalf
of Takilant Limited, *et al.*,

                Defendants *in rem.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**JUDGMENT OF FORFEITURE**

      WHEREAS, on June 29, 2015, the United States filed a verified complaint *in rem* (hereinafter, the "First Complaint"), alleging that the following defendant assets are subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C) as proceeds traceable to a violation of a U.S. criminal statute, the Foreign Corrupt Practices Acts of 1977 ("FCPA"), 15 U.S.C. §§ 78dd-1 *et seq.*, or a conspiracy to commit such offense, or as property involved in money laundering or a conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), 1956(a)(2)(B)(i), 1956(h), and 1957:

1

a. Any and all assets held in account numbers 102162418400, 102162418260, and 102162419780 at Bank of New York Mellon SA/NV, Brussels, Belgium, on behalf of First Global Investments SPC Limited's "AAA Rated Fixed Income of Developed Economies Segregated Portfolio," Fund ID AAARATEDFIX01, General Account Number 216241, and any property traceable thereto,

b. Any and all assets held in account numbers 102165527100, 102165528400, and 102165529780 at Bank of New York Mellon SA/NV, Brussels, Belgium on behalf of First Global Investments SPC Limited's "Single Funds Segregated Portfolio" Fund ID FGISINGLE01, CID number 3178750045, and any property traceable thereto,

c. Any and all assets held in account numbers 102165517100, 102165518400, and 102165519780 at Bank of New York Mellon SA/NV, Brussels, Belgium, on behalf of First Global Investments SPC Limited's "Hedge Fund of Funds Segregated Portfolio," Fund ID HEDGEFOFS01, CID number 3178750029, and any property traceable thereto,

d. Any and all shares of First Global Investments SPC Limited's "AAA Rated Fixed Income of Developed Economies Segregated Portfolio," "Single Funds Segregated Portfolio," and "Hedge Fund of Funds Segregated Portfolio" held by or for the benefit of SWISDORN LIMITED in account number 11333701 at Bank of New York Mellon Investment Servicing (International) Limited in Ireland (the "SWISDORN Shares"),

e. Any and all shares of First Global Investments SPC Limited's "Single Funds Segregated Portfolio" and "Hedge Fund of Funds Segregated Portfolio" held by or for the benefit of TAKILANT LIMITED in account number 11243201 at Bank of New York Mellon Investment Servicing (International) Limited in Ireland (the "TAKILANT Shares"),

f. Any and all shares of First Global Investments SPC Limited's "Single Funds Segregated Portfolio" and "Hedge Fund of Funds Segregated Portfolio" held by or for the benefit of EXPOLINE LIMITED in account number 11333801 at Bank of New York Mellon Investment Servicing (International) Limited in Ireland (the "EXPOLINE Shares"),

g. Any and all assets underlying the shares of First Global Investments SPC Limited's "AAA Rated Fixed Income of Developed Economies Segregated Portfolio," Fund ID AAARATEDFIX01, held in the custody of Bank of New York Mellon Trust Co. (Ireland) Limited, and any property traceable thereto,

h. Any and all assets underlying the shares of First Global Investments SPC Limited's "Single Funds Segregated Portfolio," Fund ID FGISINGLE01,

        held in the custody of Bank of New York Mellon Trust Co. (Ireland) Limited, and any property traceable thereto,

**i.** Any and all assets underlying the shares of First Global Investments SPC Limited's "Hedge Fund of Funds Segregated Portfolio," Fund ID HEDGEFOFS01, held in the custody of Bank of New York Mellon Trust Co. (Ireland) Limited, and any property traceable thereto,

**j.** Any and all assets underlying the shares of First Global Investments SPC Limited's "Single Funds Segregated Portfolio," account ID BNY MIS/BNY AIS NOM.-FGI SPC S.FDS, held in account number 16780 at Clearstream Banking, S.A., Luxembourg, and any property traceable thereto, and

**k.** Any and all assets underlying the shares of First Global Investments SPC Limited's "Hedge Fund of Funds Segregated Portfolio," account ID BNY/B. AIS N. AC F G IN SPC H FD FD, held in account number 16747 at Clearstream Banking, S.A., Luxembourg, and any property traceable thereto,

*See* 1:15-cv-05063 (Dkt. No. 1);

WHEREAS, in accordance with Supplemental Rule G(4)(a)(iv)(C), the United States published notice of the First Complaint on an official government forfeiture website—www.forfeiture.gov—for at least 30 consecutive days, beginning on July 1, 2015. *See* 1:15-cv-05063 (Dkt. No. 13);

WHEREAS, on January 4, 2016, the Republic of Uzbekistan ("Uzbekistan"), through counsel, advised the Court of its intention to file a claim, and subsequently filed a claim to all defendant assets named in the First Complaint on January 26, 2016. *See* 1:15-cv-05063 (Dkt. Nos. 16, 24);

WHEREAS, the Court issued a Partial Default Judgment and Order of Forfeiture on January 11, 2016, ordering that "Plaintiff United States of America shall have judgment by default against Gulnara Karimova, Bekhzod Akhmedov, Alisher Ergashev, Rustam Madumarov, Gayane Avakyan, Shokrukh Sabirov, Expoline Limited, Swissdorn Limited, Takilant Limited, First Global Investments, and all potential claimants, other than the Republic of Uzbekistan, who

have not otherwise filed a claim to the Defendant Property," with respect to all defendant assets in the First Complaint, described in paragraphs (a)-(k) above. *See* 1:15-cv-05063 (Dkt. No. 21);

WHEREAS, on February 18, 2016, the United States filed a related verified complaint *in rem* (hereinafter, the "Second Complaint"), alleging that the following defendant assets are subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C) as proceeds traceable to a felony violation of the FCPA, 15 U.S.C. §§ 78dd-1 *et seq*., or a conspiracy to commit such offense, or as property involved in money laundering or a conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), 1956(a)(2)(B)(i), 1956(h), and 1957:

l. All funds held in account number CH1408760000050335300 at Lombard Odier Darier Hentsch & Cie Bank, Switzerland, on behalf of Takilant Limited, and any property traceable thereto ("Takilant's Lombard Odier Account"),

m. All Funds up to an amount totaling $198,919,748.00 held in account number CH3408760000050982900 at Lombard Odier Darier Hentsch & Cie Bank, Switzerland, on behalf of Tozian Limited, and any property traceable thereto ("Tozian's Lombard Odier Account"), and

n. All Funds up to an amount totaling $3,500,000.00 held in account number CH2308657007007159821 at Union Bancaire Privee, Switzerland, on behalf of Tozian Limited, and any property traceable thereto ("Tozian's UBP Account").

*See* 1:16-cv-01257 (Dkt. No. 1).

WHEREAS, since the United States filed the Second Complaint, the Government of Switzerland has completed its own forfeiture proceedings against Tozian's Lombard Odier Account and Tozian's UBP Account described in paragraphs (m) and (n), above (collectively, the "Tozian Assets"). Accordingly, the United States and Uzbekistan (collectively, the "Parties") agree that their claims against the Tozian Assets are moot and have requested that the Court dismiss all claims to the Tozian Assets;

WHEREAS, in accordance with Supplemental Rule G(4)(a)(iv)(C), the United States published notice of the Second Complaint on an official government forfeiture website—www.forfeiture.gov—for at least 30 consecutive days, beginning on February 19, 2016. *See* 1:16-cv-01257 (Dkt. No. 15);

WHEREAS, Uzbekistan filed a claim to the defendant assets named in the Second Complaint on April 27, 2016. *See* 1:16-cv-01257 (Dkt. No. 11);

WHEREAS, this Court issued a Partial Default Judgment and Order of Forfeiture on April 5, 2023, ordering that "Plaintiff United States of America shall have judgment by default against Gulnara Karimova, Bekhzod Akhmedov, Alisher Ergashev, Rustam Madumarov, Gayane Avakyan, Sokikjon Sokhibjonov, Shokrukh Sabirov, and the entities Tozian and Takilant Limited, and all potential claimants, other than the Republic of Uzbekistan, who have not otherwise filed a claim to the Defendant Property," with respect to all defendant assets in the Second Complaint, described in paragraphs (l)-(m), above. *See* 1:16-cv-01257 (Dkt. No. 72);

WHEREAS, the First and Second Complaints are hereinafter collectively referred to as the "Forfeiture Actions," and all defendant assets named in the Forfeiture Actions— except the Tozian Assets discussed above—are hereinafter referred to as the "Defendant Assets;"

WHEREAS, this Court issued arrest warrants *in rem* for all Defendant Assets in the Forfeiture Actions on July 9, 2015, and February 23, 2016, finding probable cause to believe that the Defendant Assets are subject to seizure and forfeiture to the United States pursuant to 18 U.S.C. § 981 (a)(1)(C) because they constitute or are derived from the proceeds of violations of the Foreign Corrupt Practices Act, 15 U.S.C. §§78dd-1 *et seq.,* and pursuant to 18 U.S.C. § 981 (a)(1)(A) because they constitute property involved in a transaction or attempted transaction in

violation of 18 U.S.C. §§ 1956 and 1957, or are property traceable such assets. *See* 1:15-cv-05063 (Dkt. No. 5-7) and 1:16-cv-01257 (Dkt. No. 5);

WHEREAS, after Uzbekistan filed its claims, the Parties agreed to stay the litigation of the Forfeiture Actions to negotiate an agreement to amicably resolve the Parties' claims to the Defendant Assets. Accordingly, the Forfeiture Actions have remained stayed since on or about February 2, 2016, and April 27, 2016. *See* 1:15-cv-05063 (Dkt. No. 110) and 1:16-cv-01257 (Dkt. No. 86), respectively;

WHEREAS, pursuant to the arrest warrants described below, the United States has arrested the following funds which are traceable to the Defendant Assets described in paragraph (i) above, *i.e.* "Any and all assets underlying the shares of First Global Investments SPC Limited's "Hedge Fund of Funds Segregated Portfolio," Fund ID HEDGEFOFS01, held in the custody of Bank of New York Mellon Trust Co. (Ireland) Limited, and any property traceable thereto" and such funds have been substituted for the original Defendant Assets described in paragraph (i) above:

> (1) On or about November 12, 2019, this Court issued an arrest warrant for all funds traceable to the redemption of First Global Investment's 'Hedge Fund of Funds Segregated Portfolio' shares in Eagle Global Limited, as a substitute *res* in lieu of the redeemed Eagle Global Limited shares. *See* 1:16-cv-01257 (Dkt. No. 56). The United States subsequently arrested approximately $2,023,352, which is presently held in the United States' Treasury Suspense Account;
>
> (2) On or about April 2, 2021, this Court issued an arrest warrant for all funds traceable to the redemption of First Global Investment's 'Hedge Fund of Funds Segregated Portfolio' shares in QFR Victoria Fund Ltd., as a substitute *res* in lieu of the redeemed QFR Victoria Fund Ltd. shares. *See* 1:16-cv-01257 (Dkt. Nos. 71, 72). The United States subsequently arrested approximately $3,812,951, which is presently held in the United States' Treasury Suspense Account;
>
> (3) On or about April 4, 2022, this Court issued an arrest warrant for all property traceable to the redemption of First Global Investment's 'Hedge

>Fund of Funds Segregated Portfolio' shares in the Dynamic Offshore Fund Limited, as a substitute *res* in lieu of the redeemed Dynamic Offshore Fund Limited shares. *See* 1:16-cv-01257 (Dkt. Nos. 87, 88). The United States subsequently arrested approximately $1,076,839, which is presently held in the United States' Treasury Suspense Account;

WHEREAS, on or about August 29, 2022, Uzbekistan submitted a petition for remission to the U.S. Department of Justice pursuant to 28 C.F.R. Part 9;

WHEREAS, the Parties have executed the Stipulation of Settlement on November 27, 2024, attached hereto as Exhibit A, in which they agree that all Defendant Assets should be forfeited to the United States;

WHEREAS, the United States has advised Uzbekistan that after entry of a final judgment forfeiting the Defendant Assets, the U.S. Department of Justice will fully consider the remission petition filed by Uzbekistan pursuant to 28 C.F.R. Part 9;

WHEREAS, pursuant to the Stipulation of Settlement, the Parties agree that, within 60 days of entry of a final judgment of forfeiture and upon reasonable notice to the other Party, either Party may void the Stipulation of Settlement and move this Court to vacate this Judgment to return the Parties to the position they were in before entering into the Stipulation of Settlement attached hereto and agreeing to the entry of this Judgment;

WHEREAS, the United States and Uzbekistan have agreed to resolve the Claims of Uzbekistan without further litigation;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. The Parties' claims to the Tozian Assets, described above, are **HEREBY DISMISSED**.

2. All Defendant Assets in the above-captioned Forfeiture Actions that are described in subparagraphs 2(a)-(l) below are **HEREBY FORFEITED** to the plaintiff United States of America, pursuant 18 U.S.C. §§ 981(a)(1)(A) and (C) as proceeds traceable to a

violation of a U.S. criminal statute, the Foreign Corrupt Practices Acts of 1977 ("FCPA"), 15 U.S.C. §§ 78dd-1 *et seq.*, or a conspiracy to commit such offense, and as property involved in money laundering or a conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), 1956(a)(2)(B)(i), 1956(h), and 1957:

    a. Any and all assets held in account numbers 102162418400, 102162418260, and 102162419780 at Bank of New York Mellon SA/NV, Brussels, Belgium, on behalf of First Global Investments SPC Limited's "AAA Rated Fixed Income of Developed Economies Segregated Portfolio," Fund ID AAARATEDFIX01, General Account Number 216241, and any property traceable thereto,

    b. Any and all assets held in account numbers 102165527100, 102165528400, and 102165529780 at Bank of New York Mellon SA/NV, Brussels, Belgium on behalf of First Global Investments SPC Limited's "Single Funds Segregated Portfolio" Fund ID FGISINGLE01, CID number 3178750045, and any property traceable thereto,

    c. Any and all assets held in account numbers 102165517100, 102165518400, and 102165519780 at Bank of New York Mellon SA/NV, Brussels, Belgium, on behalf of First Global Investments SPC Limited's "Hedge Fund of Funds Segregated Portfolio," Fund ID HEDGEFOFS01, CID number 3178750029, and any property traceable thereto,

    d. Any and all shares of First Global Investments SPC Limited's "AAA Rated Fixed Income of Developed Economies Segregated Portfolio," "Single Funds Segregated Portfolio," and "Hedge Fund of Funds Segregated Portfolio" held by or for the benefit of SWISDORN LIMITED in account number 11333701 at Bank of New York Mellon Investment Servicing (International) Limited in Ireland (the "SWISDORN Shares"),

    e. Any and all shares of First Global Investments SPC Limited's "Single Funds Segregated Portfolio" and "Hedge Fund of Funds Segregated Portfolio" held by or for the benefit of TAKILANT LIMITED in account number 11243201 at Bank of New York Mellon Investment Servicing (International) Limited in Ireland (the "TAKILANT Shares"),

    f. Any and all shares of First Global Investments SPC Limited's "Single Funds Segregated Portfolio" and "Hedge Fund of Funds Segregated Portfolio" held by or for the benefit of EXPOLINE LIMITED in account number 11333801 at Bank of New York Mellon Investment Servicing (International) Limited in Ireland (the "EXPOLINE Shares"),

 **g.** Any and all assets underlying the shares of First Global Investments SPC Limited's "AAA Rated Fixed Income of Developed Economies Segregated Portfolio," Fund ID AAARATEDFIX01, held in the custody of Bank of New York Mellon Trust Co. (Ireland) Limited, and any property traceable thereto,

 **h.** Any and all assets underlying the shares of First Global Investments SPC Limited's "Single Funds Segregated Portfolio," Fund ID FGISINGLE01, held in the custody of Bank of New York Mellon Trust Co. (Ireland) Limited, and any property traceable thereto,

 **i.** Any and all assets underlying the shares of First Global Investments SPC Limited's "Hedge Fund of Funds Segregated Portfolio," Fund ID HEDGEFOFS01, held in the custody of Bank of New York Mellon Trust Co. (Ireland) Limited, and any property traceable thereto, including but not limited to:

  (1) Approximately $2,023,352 held in the United States' Treasury Suspense Account and arrested as a substitute *res* in lieu of the redemption of First Global Investment's 'Hedge Fund of Funds Segregated Portfolio' shares in Eagle Global Limited,

  (2) Approximately $3,812,951, held in the United States' Treasury Suspense Account and arrested as a substitute *res* in lieu of the redemption of First Global Investment's 'Hedge Fund of Funds Segregated Portfolio' shares in QFR Victoria Fund Ltd, and

  (3) Approximately $1,076,839 held in the United States' Treasury Suspense Account and arrested as a substitute *res* in lieu of the redemption of First Global Investment's 'Hedge Fund of Funds Segregated Portfolio' shares in the Dynamic Offshore Fund Limited,

 **j.** Any and all assets underlying the shares of First Global Investments SPC Limited's "Single Funds Segregated Portfolio," account ID BNY MIS/BNY AIS NOM.-FGI SPC S.FDS, held in account number 16780 at Clearstream Banking, S.A., Luxembourg, and any property traceable thereto,

 **k.** Any and all assets underlying the shares of First Global Investments SPC Limited's "Hedge Fund of Funds Segregated Portfolio," account ID BNY/B. AIS N. AC F G IN SPC H FD FD, held in account number 16747 at Clearstream Banking, S.A., Luxembourg, and any property traceable thereto, and

 **l.** All funds held in account number CH1408760000050335300 at Lombard Odier Darier Hentsch & Cie Bank, Switzerland, on behalf of Takilant Limited, and any property traceable thereto ("TAKILANT's LOMBARD ODIER ACCOUNT").

3. The United States shall dispose of the Defendant Assets recovered by the United States in accordance with U.S. law and the terms of the Parties' Stipulation of Settlement dated November 27, 2024. *See* Exhibit A.

4. The Government of Uzbekistan's claims are dismissed with prejudice, subject to the terms of the Parties' Stipulation of Settlement.

5. Within 60 days of entry of this judgment of forfeiture and upon reasonable notice to the other Party, either Party may move this Court to vacate this judgment to return the Parties to the position they were in before entering into the Stipulation of Settlement.

6. This Court shall retain jurisdiction over the Forfeiture Actions to enforce the terms of the Stipulation of Settlement and this Judgment of Forfeiture, including by amending or clarifying this Judgment of Forfeiture if necessary to facilitate its enforcement in a foreign jurisdiction.

7. The Clerk of the Court shall forward five (5) certified copies of this Judgment of Forfeiture to the U.S. Department of Justice, Money Laundering and Asset Recovery Section, Attention: Trial Attorney Alison Yewdell, 1400 New York Avenue NW, 10th Floor, Washington, D.C. 20005, and shall then mark this case closed.

Dated: New York, New York

      December 3, 2024

SO ORDERED:

_____
THE HONORABLE LEWIS J. LIMAN
UNITED STATES DISTRICT JUDGE